## Eastern Texas Railroad Company v. J. P. Eddings.

Decided May 26, 1908.

**Railroads—Damage to Adjacent Property—Measure of Damage.**

In a suit for damage to adjacent property by the building of a spur track upon a portion of a street, the damage to the property can be offset only by such benefits to the property as accrued from the building of the spur track. Such enhanced value to the property as arose from building the railroad into the town, or from the location of the depot near plaintiff's property, belonged to the plaintiff in common with the general public, and could not be taken away without compensation.

Appeal from the District Court of Angelina County. Tried below before Hon. James I. Perkins.

*E. J. Mantooth,* for appellant.—The defendant had a right to any increase in value to plaintiff's property by improvements placed contiguous to or near his property, in mitigation of any damages to his property caused by the building and operation of the road on Herndon Street. Eastern Texas Ry. Co. v. J. M. Scurlock, 75 S. W., 366; Eastern Texas Ry. Co. v. J. M. Scurlock, 97 Texas, 305; Eastern Texas Ry. Co. v. Eddings, 30 Texas Civ. App., 170; Gulf, C. & S. F. Ry. Co. v. Fuller, 63 Texas, 471; McFadden v. Schill, 84 Texas, 77.

No brief for appellee.

REESE, ASSOCIATE JUSTICE.—In this suit J. P. Eddings sued the Eastern Texas Railroad Company to recover $1,000 damages to his residence property located on lots 6 and 7 in block 74 in the city of Lufkin, and by the verdict of a jury and the judgment of the court recovered $400. From the judgment the defendant appeals.

We will not undertake to discuss the various assignments of error. None of them present any error authorizing a reversal of the judgment.

The trial court did not err in limiting the benefits to appellee's property, as an offset to the damage, to such benefits as accrued from the building of the spur track on Herndon Street. (Eastern Texas Ry. Co. v. Eddings, 30 Texas Civ. App., 170.)

Such enhanced value to the property as arose from building the road into Lufkin, or from building the main line along the reservation east of Herndon Street and erecting the depot, belonged to appellee, and could not be taken away by appellant by the building of the spur track on Herndon Street without making compensation therefor.

The testimony as to the amount of damage to appellee's property is not strong. Appellee's own testimony may in fact be disregarded on account of his evident disinclination to say outright that he had any such knowledge of the market value of his property as qualified him to testify. His testimony, however, is not objected to on this ground. The testimony of McConnico is positive, and, standing alone, is sufficient to support the verdict. It appears to us clearly from the whole testimony of appellant's witnesses that in speaking of the increased value of appellee's property, they have in mind such increase on account of the building of the railroad into Lufkin and the erection of the depot near appellee's property. In this state of the evidence we do not feel authorized to disturb the verdict on this ground. The assignments of error are severally overruled and the judgment affirmed.

*Affirmed.*